FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2009 SEP 30 A 11: 28

CLERK DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:09cv1099 |
| ) | CMH/TRJ |
| v. ) | **COMPLAINT** |
| ) | |
| MOUNT VERNON HOLDINGS, LLC, d/b/a ) | **JURY TRIAL DEMAND** |
| BEST WESTERN-MOUNT VERNON ) | |
| ) | |
| Defendant. ) | |
| ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the basis of national origin, and to provide appropriate relief to persons who were adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission" or the "EEOC") alleges that Defendant Mount Vernon Holdings, LLC d/b/a Best Western-Mount Vernon ("Defendant") discriminated against Mayde Brooks, Linda Hartless, Edna Hayden, and other similarly situated individuals by failing to hire them because of their national origin, non-Hispanic. The Commission further alleges that Defendant discharged Mayde Brooks from her housekeeper position because of her national origin, non-Hispanic.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and initiated pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title

VII").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Alexandria Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously conducted business in the State of Virginia and the City of Alexandria, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Mayde Brooks, Linda Hartless and Edna Hayden, each filed a charge of discrimination with the EEOC alleging violations of Title VII by Defendant. All conditions precedent to the filing of this lawsuit have been fulfilled.

7. Defendant operates a hotel in Alexandria, Virginia under the name Best Western-Mount Vernon. Said hotel is located at 8751 Richmond Highway, Alexandria, Virginia 22309 (hereafter "the hotel"). In or around April 2007, Defendant engaged in unlawful employment practices at the hotel in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), as set forth below:

a.  In or around April 2007, Defendant purchased the hotel from MGE Hotel, LP ("MGE"). MGE's employees at the hotel were informed of the change in ownership in or around the first week of April 2007, which was to be effective on or around April 24, 2007. MGE's employees at the hotel, including the housekeeping staff, were notified that they would need to apply for a position with Defendant if they wanted to continue to work at the hotel after the change of ownership. Defendant's manager (hereafter "Defendant's manager") who was onsite at the hotel at the time was responsible for hiring the staff to work for Defendant at the hotel. Said manager expressed her preference for hiring Hispanics as housekeepers.

b.  Mayde Brooks (non-Hispanic), began working as a housekeeper for MGE at the hotel in 2001 and became Housekeeping Supervisor in approximately 2002. She satisfactorily performed her job duties. On or about April 18, 2007, Brooks was discharged from her position by Defendant's manager who was onsite at the hotel. Defendant's manager instructed one of MGE's employees to discharge Brooks and to notify Brooks of her termination. At the time of her discharge, Brooks was fully qualified to perform her housekeeping duties and was fully performing her duties to the expectation of her employer, MGE. Brooks was replaced by a Hispanic worker. Defendant, through its manager and as a third party, interfered in the employment relationship between Brooks and MGE when it caused Brooks to be discharged because of her national origin.

c.  Brooks, who wanted to continue in her position in housekeeping under Defendant's ownership, did not apply for a position in housekeeping because she

3

had been discharged by Defendant's manager based on her national origin. Because Defendant's manager was responsible for making hiring decisions for the hotel, Brooks believed it would be futile to apply. Therefore, Brooks was discouraged from submitting an application for employment with Defendant at the hotel because she had a good faith belief that she had been discharged based on her national origin (non-Hispanic) and therefore would not be hired by Defendant's manager who had discharged her. Defendant hired equally or less qualified Hispanics into the housekeeping positions at the hotel.

d.   Linda Hartless (non-Hispanic) began working as a housekeeper for MGE at the hotel around April 3, 2003. She satisfactorily performed her job duties. After learning of the change in ownership and the need to apply with Defendant in order to keep her job, Hartless submitted an application for a housekeeping position to Defendant. Hartless was fully qualified to perform the housekeeping job duties and in fact, was fully performing those duties at the time she applied for the housekeeping position with Defendant. Around April 24, 2007, Hartless learned that she was not hired by Defendant. After Hartless's non-selection, Defendant continued to hire equally or less qualified Hispanics into the housekeeping positions at the hotel.

e.   Edna Hayden (non-Hispanic) began working as a housekeeper for MGE at the hotel around May 27, 1997. After learning of the change in ownership and the need to apply with Defendant in order to keep her job, Hayden submitted an application for a housekeeping position to Defendant. Hayden was fully qualified to perform the housekeeping job duties and in fact, was fully performing those

duties at the time she applied for the housekeeping position with Defendant. Around April 24, 2007, Hayden learned that she was not hired by Defendant. After Hayden's non-selection, Defendant continued to hire equally or less qualified Hispanics into the housekeeping positions at the hotel.

f.   In or around April 2007, other similarly situated non-Hispanic employees who worked in the housekeeping position full-time or part-time with MGE, applied for housekeeping positions with Defendant and were denied hire. Each of these other similarly situated non-Hispanic employees had worked in the housekeeping position at the hotel for MGE between (1) year and fifteen (15) years or more. After learning of the change in ownership and the need to apply with Defendant in order to keep their jobs, each of these employees either submitted an application for a housekeeping position to Defendant or was told by Defendant's manager after indicating an interest in keeping their positions, that they did not need to submit an application to continue in their position. Each was fully qualified to perform the housekeeping job duties and in fact, was fully performing those duties at the time they applied for the housekeeping position with Defendant. Around April 24, 2007, each of these employees learned that she or he was not hired by Defendant. After their non-selection, Defendant continued to hire equally or less qualified Hispanics into the housekeeping positions at the hotel.

8.   The effect of the practices complained of above have been to deprive Mayde Brooks, Linda Hartless, Edna Hayden and other similarly situated applicants or employees of equal employment opportunities and otherwise adversely affect their status as applicants or

employees because of their national origin, non-Hispanic.

9. The unlawful employment practices complained of above were intentional.

10. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mayde Brooks, Linda Hartless, Edna Hayden and other similarly situated applicants or employees, because of their national origin, non-Hispanic.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from hiring potential employees or discharging current employees on the basis of their national origin, or any other employment practice that discriminates on the basis of national origin.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for non-Hispanic employees and applicants, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to pay Mayde Brooks, Linda Hartless, Edna Hayden, and other similarly situated applicants or employees, appropriate back pay in amounts to be determined at trial, prejudgment interest, and provide other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D. Order Defendant to make Mayde Brooks, Linda Hartless, Edna Hayden and other similarly situated applicants or employees whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts

to be determined at trial.

E.  Order Defendant to make Mayde Brooks, Linda Hartless, Edna Hayden and other similarly situated applicants or employees whole, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and loss of civil rights, in amounts to be determined at trial.

F.  Order Defendant to pay Mayde Brooks, Linda Hartless, Edna Hadyen and other similarly situated applicants or employees punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such other and further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission the costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted, this the 30th day of September, 2009.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
4th Floor, Suite 4NE25N
Washington, DC 20507

LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202

TRACY HUDSON SPICER
Supervisory Trial Attorney
Washington Field Office
131 M Street, N.E., Suite 4NWO2F
Washington, DC 20507

Edward O'Farrell Loughlin
Trial Attorney
Washington Field Office
131 M Street, N.E., Suite 4NW02F
Washington, DC 20507
edward.loughlin@eeoc.gov
Phone: (202) 419-0748
Fax: (202) 419-0739
Virginia State Bar No. 70182